UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2022
```

MUSIC ROYALTY CONSULTING, INC.,

Plaintiff,

-against-

RESERVOIR MEDIA MANAGEMENT, INC.,

Defendant.

No. 18 Civ. 9480 (CM)

DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S DAUBERT MOTIONS; AND GRANTING IN PART AND DENYING IN PART THE MOTIONS FOR SUMMARY JUDGMENT

McMahon, J:

The parties to this action are publishing companies that purchase the rights to future royalties from recording artists. Plaintiff Music Royalty Consulting, Inc., ("MRCI") alleges that Defendant Reservoir Media Management, Inc. ("Reservoir") violated its contractual obligations by failing to account for or pay fully to MRCI the "writer's share" of royalties that were collected by Reservoir pursuant to a certain publishing agreement between Reservoir and Tuff Jew, Inc., the personal company of a songwriter named Scott Storch. MRCI alleges that it was entitled to be paid those royalties and to receive periodic accountings of royalties earned, because Tuff Jew assigned all its rights under the publishing agreement to MRCI.

Pending before the court is Plaintiff's motion for partial summary judgment (as to liability only) on so much of its breach of contract claim as is predicated on Reservoir's admitted refusal (1) to account for royalties earned after September 2017, and (2) to pay any royalties earned on the compositions that are the subject of the Publishing Agreement after March 2017. Plaintiff also moves to dismiss Reservoir's affirmative defense of indemnification. Dkt. No. 86. And Plaintiff

1

moves, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the testimony of two expert witnesses proffered by Reservoir, Barry M. Massarsky and Clark Miller Consulting, LLC. Dkt. Nos. 91, 94. Their reports can be found at Docket Number 82.

Defendant cross-moves for summary judgment dismissing Plaintiff's breach of contract claim in its entirety.  Dkt. No. 99.

The pending motions are decided as follows:

1. MRCI's motion for partial summary judgment (i) holding Reservoir liable for its failure to make royalty payments; and (ii) dismissing Reservoir's affirmative defense based on indemnification is GRANTED.

2. Reservoir's cross-motion for summary judgment dismissing MRCI's breach of contract claim is DENIED.

3. To the extent that it is necessary to address the *Daubert* motions, the testimony of Clark Miller and Barry M. Massarsky is EXCLUDED because decisions on issue of law render any testimony irrelevant. In light of the dismissal of the indemnification defense, Massarsky has no relevant testimony to give on any subject, and his evidence will not be accepted. While most of Clark's testimony is similarly precluded, Clark does proffer relevant evidence on at least one genuine issue of fact that will have to be resolved subsequently; as a result, the motion to exclude his testimony must be denied in part.

A full written opinion discussing these issues will issue shortly. The clerk of court is directed to close the motions at Docket Numbers 86, 91, 94, and 99.

Dated: March 30, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

2