UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUSIC ROYALTY CONSULTING, INC.,

Plaintiff,

-against-

RESERVOIR MEDIA MANAGEMENT, INC.,

Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/5/2022

No. 18 Civ. 9480 (CM)

**NOTICE TO COUNSEL**

McMahon, J:

One of the issues before the court in connection with the parties' cross motions for summary judgment in this case is whether Reservoir's affirmative defense of indemnification is viable. MRCI moves for summary judgment dismissing the defense as a matter of law for a number of reasons. The reason that seems to me most obvious – that MRCI never assumed any of the obligations of Tuff Jew/Storch, and so has no obligation to indemnify Reservoir for anything – is not mentioned at all in the parties' briefs. Before I rule on this aspect of the motion, I would like some input from the parties on that subject.

As I understand it, the law in both California (which governs the assignment) and New York (which governs the Publishing Agreement) is to the effect that a party to whom someone's rights under an agreement are assigned does not assume the assignor's liabilities and obligations under that agreement unless the assignment expressly so states (in which case it is ordinarily called an Assignment and Assumption). Put otherwise, a bare assignment, without an express assumption, does not result in the assignee's assuming any obligations of the assignor under the

1

underlying agreement; unless the assignee expressly agreed to "step into the shoes" of the assignor with respect to the assignor's liabilities, it did not do so.

I see nothing in the text of the Assignment indicating that MRCI expressly assumed any of the obligations imposed on Storch or Tuff Jew by the terms of the Publishing Agreement; it looks like a bare assignment to me. Moreover, the Letter of Direction that was "made in connection with" the Assignment states categorically that nothing therein relieves Storch or Tuff Jew of their obligations under the Publishing Agreement. That being the case, I would have expected MRCI to argue that Reservoir could not assert indemnification as an affirmative defense to a claim asserted by MRCI (as opposed to a claim asserted by Storch or Tuff Jew), because MRCI never undertook to indemnify Reservoir against anything. And I would have expected that argument to prevail.

But the argument was not made. I can only assume that the parties know something that I do not. I need to understand why MRCI did not make this argument. Was it oversight or is there something in the various agreements that, as a matter of law, constitutes an assumption of liabilities on its part? Or is my understanding of the governing law incorrect? And if Reservoir has an answer to the argument that MRCI did not assume Tuff Jew/Storch's obligation to indemnify, I need to give Reservoir an opportunity to assert that answer.

Accordingly, the parties have five (5) business days – until 5 pm on Tuesday, April 12 – to file short briefs (no more than five pages, double space), taking a position on the issue raised by the court: did MRCI assume the indemnification obligation of Tuff Jew and Storch under the Publishing Agreement, and if not, why should the motion for summary judgment dismissing the indemnification defense not be granted?

Dated: April 5, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL